**In the Matter of Jerry Michael LI-CHTENBERG and Elizabeth Leonor Lichtenberg, Debtors.**

**No. 11–57671–PWB.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

July 8, 2011.

E. Michael Vereen III, Canton, GA, for Debtors.

**ORDER TO ATTORNEY E. MICHAEL VEREEN, III, (1) TO FILE WRITTEN RESPONSE AND (2) TO APPEAR AT HEARING WITH REGARD TO REPRESENTATION OF DEBTORS AND TO SHOW CAUSE WHY FEES SHOULD NOT BE DISALLOWED, REDUCED, OR POSTPONED AND WHY SANCTIONS SHOULD NOT BE IMPOSED**

PAUL W. BONAPFEL, Bankruptcy Judge.

This case came before the Court for a hearing on confirmation on July 6, 2011. The originally scheduled date for the confirmation hearing was May 18, 2011. The hearing was reset to June 1 and then again to July 6.

The Debtors' currently filed plan calls for the Debtors to submit their 2010 tax refund in the amount of about $4,000 to the Trustee for disbursement under the plan. The Trustee objected to confirmation because of her concern that the Debtors had received the tax refund but had not yet paid it to her. The Trustee, understandably, did not want to have the plan confirmed and then find out later that the Debtors had received and used the funds for other purposes.

On the day of the hearing, Chambers staff received a phone call from the office of the Debtors' attorney, E. Michael Vereen, II. The caller advised that he had been delayed and requested that the case be held for his report. By the time the case was called for hearing, however, Mr. Vereen had not appeared. Instead, Ms. Jamie Cherry announced that she had been asked to represent the Debtors at the hearing in a text mail received at 1:44 p.m., 14 minutes after the scheduled hearing time of 1:30 p.m. Ms. Cherry and Mr. Vereen have separate practices. Also present were Brandi Kirkland, attorney for the Trustee, and the Debtors.

■ Ms. Cherry did the best she could, but the lateness of the arrangements for her appearance and the apparently limited scope of her responsibility made it impossible for her to solve the Trustee's objection or even discuss the matter with the Trustee or the Court. Such arrangements are not acceptable. If a party's attorney of record cannot appear for a hearing and arranges for another lawyer to represent the client, the lawyer who appears to represent the client must be prepared to do just that: represent the client.

■ The Court is not critical of Ms. Cherry in this regard and, in fact, appreciates her willingness to represent the Debtors at the hearing on short notice. This was not without some risk and obligation her. If an attorney makes an appearance on behalf of a party, that attorney is effectively co-counsel for the client and as such assumes the responsibility to the client that such a role entails.[1]

---

1. Perhaps Mr. Vereen and Ms. Cherry conceive of Ms. Cherry's role as being a contract attorney. The Court repeats its observations in *In re Padilla,* No. 08–63590, Docket No. 21, at 2 n. 2, May 8, 2008, in which a lawyer appeared at a hearing in place of the debtor's attorney of record:

The Court has serious concerns about the murky role of a contract attorney (on behalf of either a debtor or creditor) and whether such a relationship is advisable or permissible. Do the lawyers view the role of a contract attorney merely to show up and seek a reset? Or is it to negotiate relief for the client

■ But absent some emergency, the attorney who is counsel of record—the lawyer the client actually hired—has no business putting another lawyer in a situation where the attorney who appears cannot represent the client. Clearly, this does not provide proper representation to the client.

Because Ms. Cherry could not have been prepared to represent the Debtors and Mr. Vereen was not there, and, in effect, never appeared, the Debtors had to respond to the Trustee's objection on their own. They satisfied the Trustee's concerns about the status of the tax refund—they received it and are holding the money—but they need it because their HVAC unit has completely stopped working and it will cost about $5,000 to repair it.

The Debtors told the Court that they had advised Mr. Vereen about this problem and that they wanted to be allowed to retain the tax refund to use it for the HVAC repair. It appears that this could be accomplished with an amendment to the plan and an amendment to the Debtors' claim of exemptions; the Trustee's preliminary (and non-binding) review of the Debtors' exemptions indicated that they could exempt the entire refund.

The fact that the Debtors *could* do this does not, of course, mean that they *should*. It may be that the plan cannot work without commitment of the tax refund. The Debtors need advice from their lawyer about this. And, if they decide they must do the repairs, they need their lawyer to do the work necessary to permit them to retain and use the tax refund without adverse consequences in their bankruptcy case.

The Debtors state that they have been attempting to obtain such advice from Mr. Vereen but have been unsuccessful. They said they had spoken to a paralegal in Mr. Vereen's office on the Friday before the Wednesday (July 6) hearing and asked again about the tax refund. The paralegal told them they would have to come to Court for the Wednesday hearing to be able to retain the refund and that Mr. Vereen would be at the hearing.

Because Mr. Vereen was not at the hearing, the Court obviously heard no explanations for his failure to be there, his apparent failure to communicate with his clients, and his failure to do anything in this case with regard to the confirmation of the plan or use of the tax refund since the *second* rescheduling of the confirmation hearing over a month ago. Unexplained, these facts indicate a total disregard for the clients' interests.

Any progress that occurred in this case at the July 6 hearing occurred in spite of Mr. Vereen, not because of him. It appears that resolution of the tax refund and plan issues that now needs to be done could have been done earlier. Absent some explanation from Mr. Vereen, it ap-

in the place of the attorney of record? Nothing in the record of the case indicates [the appearing lawyer's] role in the case or her degree of involvement, and nothing in the Rule 2016(b) statement shows the financial relationship between the attorneys. While these may be issues for another day, the Court will make one thing perfectly clear. Any "contract attorney" who appears before the undersigned does so in full representation of the client. An attorney who "stands in" as counsel for a debtor (or creditor) at the behest of the client's attorney of record has made an

entry of appearance in the case and, for all intents and purposes, represents the debtor (or creditor) and has the authority to bind the client in any resolutions of pending matters. The Court expects the attorney of record to insure that such contract attorney is knowledgeable about the case and prepared to go forward on substantive issues when required. Moreover, it is the debtor's (or creditor's) attorney of record who remains responsible for the contract attorney's representation. There is no such thing as "standing in" for another attorney for a limited purpose.

pears that confirmation in this case could occur (and perhaps could already have occurred), as it does in many cases, without the Debtors having to attend a confirmation hearing. Yet the Debtors had to miss work and arrange for day care to attend the hearing, arriving an hour ahead of time as they had been instructed. Mr. Vereen, whose job it is to be at the hearing, was not there.

■ Mr. Vereen's failure to attend the confirmation hearing and the circumstances described above raise questions concerning whether he is providing competent representation to the Debtors, whether his fee should therefore be reduced, disallowed, or postponed until all creditors have been paid in accordance with the plan, and whether sanctions should be imposed. In addition to reduction, disallowance, or postponement of Mr. Vereen's fee, potential sanctions may include: (1) requiring Mr. Vereen to reimburse the Debtors for any lost income or expenses incurred as a result of his failure to represent them properly in connection with the confirmation hearing and in the prosecution of this case generally; and (2) suspending Mr. Vereen from practice in this Court with respect to the filing of new cases on behalf of a debtor for a period of up to six months. The Court will also consider whether this matter should be referred to the State Bar of Georgia for such disciplinary action, if any, as it deems appropriate.

The Court's consideration of suspension of Mr. Vereen from practice arises from the very fact that the Court has to address, as a matter of professional responsibility, the basic duties to communicate with his clients and to appear on their behalf. The Court is concerned that, if the facts are as indicated above, Mr. Vereen does not fully understand and take seriously the fundamental professional responsibilities of a lawyer to represent his client and that his failure to represent his clients properly puts them in unnecessary legal jeopardy.[2] If these circumstances exist, he should not be permitted to practice in this Court.

The Court will direct Mr. Vereen to explain why he did not appear and his representation of the Debtors in this case in two ways. First, on or before **August 17, 2011**, Mr. Vereen shall file, and serve on the Chapter 13 Trustee and the Debtors, a response to this Order. The Court invites Mr. Vereen to point out any inaccuracies or omissions in this Order's description and characterization of the facts and circumstances and to advise the Court of any additional facts and circumstances he desires to present that explain, justify or mitigate his conduct. Further, to the extent that Mr. Vereen determines that he has not met required standards of professional responsibility in connection with his representation of the Debtors in this case, he may (but is not required to) explain what he should have done in the proper representation of his clients and may (but is not required to) suggest what, if any, remedial measures he thinks are appropriate. Second, the Court will direct Mr. Vereen to appear at a hearing scheduled as set forth herein with regard to these matters so that he has a fair and full opportunity to respond to this Order and to the potential imposition of sanctions.

In accordance with the foregoing, it is hereby **ORDERED and ADJUDGED** that E. Michael Vereen, III, attorney for the Debtors: (1) shall file a response to this

2. This is not the first time the Court has had to address Mr. Vereen's practice in this Court. *See* Order to Attorney Michael Vereen, III, *In re Acosta*, No. 08–40623, Docket No. 16, (June 12, 2008).

Order, as set forth above, and shall serve a copy of same on the Chapter 13 Trustee and the Debtors, on or before **August 17, 2011;** and (2) shall personally be and appear at a hearing to be held in connection with confirmation of the Debtors' plan in this case at **1:30 p.m.** on **August 24, 2011,** in Courtroom 1401, U.S. Courthouse, 75 Spring Street, S.W., Atlanta, Georgia. At such hearing, Mr. Vereen shall show cause as to why the Court should not enter an Order or Orders:

(1) Reducing, disallowing, or postponing payment of Mr. Vereen's attorney's fees due to failure to provide adequate representation to the Debtors;

(2) Requiring Mr. Vereen to reimburse the Debtors for any lost income or expenses incurred as a result of his failure to represent them properly in this case and his failure to attend the confirmation hearing; and

(3) Suspending Mr. Vereen from practice in this Court with respect to the filing of new cases on behalf of any debtor for a period of up to six months.

Mr. Vereen shall also show cause as to why the Court should not refer this matter to the State Bar of Georgia for such disciplinary action, if any, as it deems appropriate.